IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMBROSIO SOLANO-DE LA CRUZ   :  CIVIL ACTION
                                   :
          v.                   :  NO.  26-3106
                                     :
J.L. JAMISON, *et al.*            :

## ORDER

**AND NOW**, this 19th day of May 2026, upon consideration of Ambrosio Solano-De La Cruz's petition for writ of *habeas corpus* (DI 1), the government's response in opposition thereto (DI 4), and Mr. Solano-De La Cruz's motion to expedite (DI 6), it is hereby **ORDERED** that Mr. Solano-De La Cruz's motion to expedite and petition for writ of *habeas corpus* (DI 1, 6) are **GRANTED** for the following reasons:

1.      Mr. Solano-De La Cruz is a native of the Dominican Republic who entered the United States in El Paso, Texas on December 18, 2022. DI 1 at ¶ 17; DI 4 at 3.

2.      Shortly thereafter, Mr. Solano-De La Cruz was encountered by Department of Homeland Security (DHS) officers who detained, processed, and initiated removal proceedings against him, but then released him into the country. DI 1 at ¶ 18; DI 4 at 3

3.      On May 5, 2026, Immigration and Customs Enforcement (ICE) took Mr. Solano-De La Cruz into custody during a routine check-in appointment, detained him at the Federal Detention Center in Philadelphia, and has since been transferred to the Moshannon Valley Processing Center. DI 1 at ¶¶ 21-22; DI 4 at 3 n.4. ICE is detaining Mr. Solano-De La Cruz under Section 1225 of the Immigration and Nationality Act (INA). DI 4 at 4-8.

4.      Since 2022, Mr. Solano-De La Cruz has complied with all the conditions of his removal proceedings, appeared for scheduled ICE appointments, and submitted an asylum application. DI 1 at ¶ 20. Before his detention, Mr. Solano-De La Cruz was scheduled for an

immigration court hearing on May 18, 2026.  *Id.*

5.      Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2).  Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

6.      By contrast, Section 1226 of the INA, titled "Apprehension and detention of aliens," applies to noncitizens already in the United States and gives the Attorney General discretion to detain or release them on bond pending a decision on their removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the noncitizen may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

7.      As we recently held in *Diop v. Jamison, et al.*, No. 25-cv-6946 (Jan. 1, 2026), *Rodriguez Mezquita v. McShane et al.*, No. 26-cv-1136 (Mar. 2, 2026), *Godinez Chavez v. Jamison et al.*, No. 26-cv-1569 (Mar. 17, 2026), and *Conde v. Jamison et al.*, No. 26-cv-2632 (April 23, 2026), Section 1226(a) — not Section 1225(b)(2) — governs the detention of noncitizens like Mr. Solano-De La Cruz who have entered the United States without admission but have long resided in the interior.  This is also the position of the vast majority of district

2

courts who have confronted this issue, including more than 250 decisions from judges in this district. We agree with the judges of this district and adopt the wholly persuasive reasoning of their decisions.[1]

8.      Accordingly, if Mr. Solano-De La Cruz is subject to detention at all, it is under 8 U.S.C. Section 1226(a). The government shall **RELEASE** Mr. Solano-De La Cruz from custody **immediately** and certify compliance with this Order by filing on the docket by **5:00 p.m. ET** on **Thursday, May 21, 2026**;

9.      The government is temporarily enjoined from re-detaining Mr. Solano-De La Cruz for seven days following his release from custody;

10.     If the government chooses to pursue re-detention of Mr. Solano-De La Cruz after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

11.     Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Solano-De La Cruz from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Solano-De La Cruz e is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Solano-De La Cruz if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine

---

[1] As the government is no doubt aware of the overwhelming weight of the authority against it in this district, we need not list it exhaustively here.

whether to grant the request and permit transfer of Mr. Solano-De La Cruz.

MURPHY, J.